UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROLETTE SWEATT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 14-1133 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Carolette Sweatt brings this action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, seeking attorneys' fees and costs totaling $54,564.46, for work completed in support of a successful IDEA administrative action against the District of Columbia Public Schools ("DCPS") on behalf of her minor child. Compl. [Dkt. # 1]. Both parties have moved for summary judgment. Pl.'s Mot. for Summ. J. [Dkt. # 8] ("Pl.'s Mot."); Def.'s Cross Mot. for Summ. J. & Opp. to Pl.'s Mot. [Dkt. # 12] ("Def.'s Mot."). After the Court referred the matter to a Magistrate Judge, the Magistrate Judge issued a Report and Recommendation suggesting that plaintiff be awarded $39,276.63 in attorneys' fees and costs. Report and Recommendation [Dkt. # 19] ("Report") at 17. Plaintiff timely filed written objections to the Report. Pl.'s Objections to Report [Dkt. # 20]; P. & A. in Supp. of Pl.'s Objections [Dkt. # 20-1] ("Pl.'s Objections"). Defendant responded to plaintiff's objections, but it did not object to any portion of the Report. Def.'s Response to Pl.'s Objections [Dkt. # 23] ("Def.'s Response").

After careful review of the Report, the parties' pleadings, and the available evidence, the Court will adopt the Report and Recommendation, except in two respects. First, the Court rejects the Report's recommendation that plaintiff's counsel be compensated at an hourly rate of $382.50, which the Magistrate Judge arrived at by reducing the applicable *Laffey* Matrix[1] rate of $510 per hour by 25% on the grounds that the underlying action was not complex. *See* Report at 9–13. Instead, the Court finds that $465 per hour more accurately reflects the reasonable hourly rate for plaintiff's counsel's time. Further, the Court will increase the reasonable hours awarded to plaintiff to include reimbursement for a half hour of time expended in preparing for a prehearing conference on December 31, 2013 that was inadvertently omitted from plaintiff's fee award due to a clerical error. The Court will therefore grant in part and deny in part the pending motions for summary judgment, and it will enter judgment in the amount of $47,796.25 in favor of plaintiff.

## BACKGROUND

Plaintiff, the parent of a student enrolled in a District of Columbia Public School and the student's educational advocate, filed a due process complaint with DCPS alleging that defendant denied her child access to a free appropriate public education as required under the IDEA. Hearing Officer's Determination, Ex. 1 to Pl.'s Mot. [Dkt. # 8-5] ("HOD") at 2. A prehearing conference was held on December 31, 2014, and on January 27, 2014, the Hearing Officer conducted a one-day administrative hearing. *Id.* at 1–2; Report at 12–13. During the hearing, plaintiff entered fifty-eight documents into evidence, and defendant entered one document. HOD at 3, 16–17. The

---

1   The *Laffey* Matrix is "a schedule of charges based on years of experience developed in *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985)." *Covington v. District of Columbia*, 57 F.3d 1101, 1105 (D.C. Cir. 1995). It is periodically updated by the United States Attorney's Office for the District of Columbia, and the version relevant in this case is available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix%202014.pdf ("*Laffey* Matrix").

hearing included the testimony of six witnesses, including two experts. *Id.* at 3, 18. On February 18, 2014, the Hearing Officer issued a decision in plaintiff's favor. *Id.* at 8–14; Report at 3–8.

Following the decision, plaintiff's counsel, Elizabeth Jester, submitted an invoice to DCPS seeking reimbursement of her fees and costs for the administrative proceeding. *See* Ex. 2 to Pl.'s Mot. [Dkt. # 8-6] ("Jester Invoice"). Jester has practiced law for more than twenty years and she focuses her practice on children's rights and special education cases in the District of Columbia. Decl. of Elizabeth Jester in Supp. of Pl.'s Mot. [Dkt. # 8-3] ("Jester Decl.") ¶¶ 4–5, 11–12. Jester sought reimbursement from DCPS for $54,564.46 in fees and costs, based on 105.6 hours of work: 104.6 hours of attorney services, including travel time, at a rate of $510 per hour,[2] and 1 hour of paralegal time at a rate of $145 per hour. *Id.* ¶¶ 11, 14; *see also* Jester Invoice at 4–14.

Defendant never paid plaintiff's counsel's invoice, Report at 2, and on July 2, 2014, plaintiff filed a complaint in this Court seeking reimbursement of the requested attorneys' fees and costs. Compl. ¶ 7. On July 7, 2014, this Court referred the case to a Magistrate Judge for full case management and the preparation of a report and recommendation pursuant to Federal Rule of Civil Procedure 72(b)(1) and Local Rule of Civil Procedure 72.3(a). Referral to Magistrate Judge Order [Dkt. # 3]. On August 22, 2014, plaintiff moved for summary judgment, and on September 22, 2014, defendant cross-moved for summary judgment. *See* Pl.'s Mot.; Def.'s Mot.

On December 2, 2014, the Magistrate Judge issued his Report, recommending that the Court grant in part and deny in part both motions. Report at 17. Citing *Rooths v. District of Columbia*, 802 F. Supp. 2d 56, 63 (D.D.C. 2011), and other similar holdings from this District, the Magistrate Judge concluded that the applicable *Laffey* Matrix rate of $510 per hour, reduced by

---

2  It is undisputed that $510 is the *Laffey* Matrix rate for services rendered during 2013 and 2014 by an attorney with greater than twenty years of experience. *See Laffey* Matrix.

3

25%, was the reasonable hourly rate for Jester's services. Report at 9–13. The Magistrate Judge based this recommendation on his finding that "there is no evidence that the issues were in any way complex" and that defendant had during the administrative proceeding "failed to present any real defense to liability and, therefore, there was nothing Jester had to do to establish liability." *Id.* at 11–13. In light of those conclusions, the Magistrate Judge found "that an award of 75% of the *Laffey* rate more than adequately compensates plaintiff's counsel for her work." *Id.* at 11. The Magistrate Judge also prepared a spreadsheet listing the hours requested and the total fees recommended for each of plaintiff's tasks. *See* Ex. 1 to Report [Dkt. # 19-1] ("Report Spreadsheet"). From that spreadsheet, it appears that plaintiff's requested hours were found to be reasonable, with the exception of 7.3 hours of travel time, which the Magistrate Judge recommended reducing by half. Report at 15–16; *see generally* Report Spreadsheet. In total, the Report recommended that plaintiff receive $38.567.13 in fees and $709.50 in costs, for an award of $39,276.63. Report at 17.

On December 19, 2014, plaintiff objected to the Report, arguing that the 25% reduction of the *Laffey* rate of $510 was unwarranted and that the Magistrate Judge erred by not compensating plaintiff for one half hour of time spent preparing for a prehearing conference.[3] Pl.'s Objections at 4–10. Defendant, in turn, asked the Court to adopt the Magistrate Judge's recommendations in their entirety. *See generally* Def.'s Response. To aid the Court in its consideration of the Report and plaintiff's objections, the Court ordered plaintiff to file a copy of the engagement letter with her counsel, Minute Order (Feb. 23, 2015), and plaintiff complied on February 26, 2015. *See* Ex. 1 to Pl.'s Response to the Court's Order [Dkt. # 25-1] ("Retainer Agreement").

---

3   Plaintiff did not object to the 50% reduction for her travel time, or to the Report's recommendation that she be awarded $0.15 per page as reimbursement for her photocopying and faxing costs, rather than the $0.25 she requested. Report at 14–17; *see generally* Pl.'s Objections.

**STANDARD OF REVIEW**

When a party objects to a Magistrate Judge's recommendations, the Court reviews *de novo* the portion of the report to which the party has objected. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c); *Smith v. District of Columbia*, 846 F. Supp. 2d 197, 198–99 (D.D.C. 2012); *D.D. ex rel. Davis v. District of Columbia*, 470 F. Supp. 2d 1, 1–3 (D.D.C. 2007). The Court may "accept, reject, or modify" the Magistrate Judge's recommendations. Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c).

Under the IDEA, a court has the discretion to "award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i)(I). Therefore, if a court determines that the plaintiff seeking attorneys' fees is a prevailing party, it must determine whether the requested attorneys' fees are reasonable. *Jackson v. District of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Courts typically determine the reasonableness of attorneys' fees based on the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jackson*, 696 F. Supp. 2d at 101, quoting *Hensley*, 461 U.S. at 433. This is sometimes called the "lodestar" method. *See, e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010). The plaintiff bears the burden of establishing both the reasonableness of the hourly rate and the reasonableness of the number of hours spent on a particular task. *In re North*, 59 F.3d 184, 189 (D.C. Cir. 1995).

**ANALYSIS**

The parties have not objected to the Report's finding that plaintiff was the prevailing party in the underlying administrative action, or that she is entitled to her costs with certain reductions. The Court accepts the Magistrate Judge's findings on those issues. Therefore, the only question before the Court is whether the attorneys' fees sought by plaintiff are reasonable.

**I.      The reasonable hourly rate for plaintiff's counsel's services is $465 per hour.**

Plaintiff bears the burden of establishing the reasonableness of her attorney's requested hourly rate. *In re North*, 59 F.3d at 189. To show the reasonableness of the hourly rate, plaintiff must establish "at least three elements: the attorneys' billing practices; the attorneys' skill, experience, and reputation; and the prevailing market rates in the relevant community." *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). The Magistrate Judge determined that plaintiff's counsel's "skill and experience in the area of special education is well documented," but he nevertheless found that a 25% reduction in the *Laffey* Matrix rate of $510 was appropriate, in light of the level of complexity of the underlying administrative proceeding. Report at 9–13. Plaintiff asks the Court to reject this recommendation and to adopt instead the full *Laffey* rate of $510 as the prevailing market rate for plaintiff's counsel's services. Pl.'s Objections at 4–9. Defendant responds that the Magistrate Judge was correct in his finding that the case was not complex and that an award of the full *Laffey* rate is not warranted. Def.'s Response at 2–4.

There has not been a unified approach to establishing the rates for attorneys' fees in IDEA cases in this District, and there is authority supporting a range of approaches. In discounting the *Laffey* rate by 25%, the Magistrate Judge followed the approach taken in *Rooths*, which treated the *Laffey* rates as a "presumptive maximum" for federal litigators' services in the District of Columbia. 802 F. Supp. 2d at 61–63; *see also* Report at 9–13. Because the *Rooths* court found that the IDEA case for which the plaintiff sought fees did "not much resemble the sort of complicated cases in which a plaintiffs' counsel is appropriately awarded fees at the maximum allowable rate," it held that the fee award to the plaintiff should be calculated at only three-quarters of the applicable *Laffey* rate. *Rooths*, 802 F. Supp. 2d at 62–63. The *Rooths* court further stated

that "[l]ike most IDEA cases, the claim on which the plaintiff prevailed in this action involved very simple facts, little evidence, and no novel or complicated questions of law." *Id.* at 63.

Other courts in this District, however, "ha[ve] rejected the suggestion that IDEA administrative litigation is categorically less complex than other forms of litigation, and reaffirm[ed] that IDEA cases are sufficiently complex to allow application of the *Laffey* Matrix." *Irving v. District of Columbia*, 815 F. Supp. 2d 119, 129 (D.D.C. 2011), citing *Jackson*, 696 F. Supp. 2d at 102; *see also Eley v. District of Columbia*, 999 F. Supp. 2d 137, 156–162 (D.D.C. 2013); *Bucher v. District of Columbia*, 777 F. Supp. 2d 69, 74–75 (D.D.C. 2011). Those courts recognize that IDEA cases "take a variety of different litigation paths" and "cannot be dismissed as categorically routine or simple." *Thomas v. District of Columbia*, 908 F. Supp. 2d 233, 243 (D.D.C. 2012). IDEA cases require "testimony from education experts regarding whether a student has been denied a free and public education," *Jackson*, 696 F. Supp. 2d at 102, and plaintiffs' counsel must "understand the bureaucratic workings of [DCPS]," *Cox v. District of Columbia*, 754 F. Supp. 2d 66, 76 (D.D.C. 2010), and must become conversant with a wide range of disabling cognitive, emotional, and language-based disorders and the corresponding therapeutic and educational approaches. As a result, those courts find that IDEA litigation is sufficiently complex to warrant full *Laffey* rates.

In keeping with those decisions, the Court rejects the Report's recommendation to reduce the *Laffey* rate of $510 by 25% to account for a lack of complexity in the underlying administrative proceedings. Since an attorney's total fee award is determined by multiplying the number of hours expended by the hourly rate, reducing the *Laffey* rates to reflect the brevity of the case improperly accounts for the length of the proceedings twice. *See, e.g.*, *Eley*, 999 F. Supp. 2d at 160 ("[T]he complexity of the case is accounted for by the number of hours expended and should not be

accounted for by a blunt reduction of rates before applying the rates to the number of hours expended."). However, the Report analyzed the state of the law on this issue thoroughly and fairly, and this decision should not be read to hold that the full *Laffey* rates will be appropriate in every IDEA case. Indeed, while the Court finds that the 25% reduction recommended by the Magistrate Judge is not warranted in the instant case, the evidence nevertheless indicates that the reasonable hourly rate for plaintiff's counsel's services is still less than the full *Laffey* rate of $510 per hour.

To prove entitlement to a particular hourly rate, a plaintiff must provide evidence of counsel's "billing practices" in addition to documenting the lawyer's skill, reputation, and experience and the prevailing market rates. *Covington*, 57 F.3d at 1107. The Retainer Agreement between plaintiff and her counsel states that "[a]ttorney's fees for representing client will be $465 per hour or the current *Laffey* matrix rate." Retainer Agreement at 1. It is true that courts in this District have found that "some version of the *Laffey* matrix is presumptively reasonable" in IDEA cases. *Eley*, 999 F. Supp. at 159. But it seems to the Court that what an attorney informs her client that she will actually charge is evidence of that lawyer's billing practice and a strong indication of the reasonable hourly rate for that attorney's services, particularly when the record is devoid of any other evidence of what the going rate might be for attorneys in the District who specialize in this work. *See, e.g.*, *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1325 (D.C. Cir. 1982) ("The best evidence [of reasonableness] would be the hourly rate customarily charged by the affiant himself or by his law firm."); *see also Perdue*, 559 U.S. at 551 (noting that the lodestar analysis is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case").

In consideration of plaintiff's counsel's experience in special education cases, the complexity of the underlying administrative proceeding, the prevailing market rates in the community for this and other types of cases, and the Retainer Agreement between plaintiff and her counsel, the Court concludes that $465 per hour best reflects the reasonable hourly rate for the services provided by plaintiff's counsel. The Court will therefore adopt that rate in determining the extent of plaintiff's fee award.[4]

## II. The hours plaintiff's counsel expended were reasonable.

Plaintiff also bears the burden of establishing the reasonableness of the hours for which she seeks reimbursement. *Hensley*, 461 U.S. at 433. Plaintiff's only objection to the determination regarding the reasonableness of the hours sought is that the Magistrate Judge did not recommend awarding her fees for one half hour spent reviewing the client file in preparation for a prehearing conference.[5] Pl.'s Objections at 9–10; *see also* Report Spreadsheet at 4.

The failure to award plaintiff's fees for this particular half hour appears to have been a clerical error. According to the Report Spreadsheet, plaintiff's counsel claimed one half hour for a task described as "Review file to prepare for prehearing conference" on December 31, 2013.

---

[4] In her objections to the Report, plaintiff also asks the Court to consider "as part of determining an appropriate hourly rate" the fact that "parent's attorneys in IDEA cases must wait extremely long periods of time to be paid for their services." Pl.'s Objections at 9. The Magistrate Judge rejected this argument, perceiving it as a request for prejudgment interest. Report at 13–14. However plaintiff's request is characterized – as prejudgment interest or as just "one factor in addition to the attorney's experience," Pl.'s Objections at 9 – plaintiff has provided no support for her contention that a court should, or is even permitted to, consider a delay in payment in determining the reasonable hourly rate for the purposes of awarding attorneys' fees. And the Court can find no basis for granting such a request. Accordingly, the Court will not consider any delay in compensation in setting the hourly rate of $465 for counsel's work in the underlying litigation.

[5] The Magistrate Judge generally found that the hours claimed by plaintiff's counsel were reasonable, except that he recommended reducing the 7.3 hours plaintiff's counsel's spent traveling by half. Report at 14–17; *see generally* Report Spreadsheet. Plaintiff did not object to the reduction in her travel time, and the Court will adopt that recommendation.

Report Spreadsheet at 4. Every other line item in the table has an entry for both "Hours Claimed" by plaintiff and "Hours Allowed" by the Magistrate Judge – except for this particular entry, which was left entirely blank. *Id.* The Magistrate Judge did not indicate anywhere in the Report that this half hour was inadequately supported or otherwise unreasonable, s*ee generally* Report, and the Court similarly finds no reason to deny plaintiff reimbursement for this half hour.[6] The Court will therefore adopt the Report's recommendation regarding the total hours for which plaintiff should be compensated, except that the Court will award plaintiff fees for the additional half hour of time her counsel spent preparing for the prehearing conference on December 31, 2014.

## CONCLUSION

Based on the Court's review of the Magistrate Judge's Report and Recommendation, the pleadings, and the available evidence, the Court adopts the Report in part and modifies it in part. The Court finds that plaintiff is entitled to $47,086.75 in fees at the following hours and rates: $45,244.50 for 97.3 hours of plaintiff's counsel's time at $465 per hour; $1,697.25 for 7.3 hours of plaintiff's counsel's travel time at $232.50 per hour; and $145 for 1 hour of paralegal time at $145 per hour. Additionally, the Court finds that plaintiff is entitled to $709.50 in costs. The Court will therefore grant in part and deny in part the pending motions for summary judgment, and it will enter judgment in the amount of $47,796.25 in favor of plaintiff.

A separate order will issue.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE: March 11, 2015

---

[6] Defendant does not oppose compensating plaintiff for this entry "to the extent the amount allocated for the referenced line item was entered in error by the Court." Def.'s Response at 5.